UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KRISTINA JOHNSON,

     Plaintiff,

-against-

WESTCHESTER COUNTY MUNICIPALITY, *et al.*,

     Defendants.

---

19-CV-11549 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

 Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated her federal constitutional rights. By order dated January 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

 The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

 A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The following allegations are taken from the complaint, much of which is difficult to understand: The complaint asserts that in May of this year, Plaintiff "experienced a miraculous recovery from psychiatric injury" from which she had suffered for 36 years. (ECF No. 2, at 5.) Plaintiff alleges that her injury was caused by "an obscene succession of developed misconduct by Westchester County Munici[pal] Police and FBI in conspiracy for decades." (*Id.*)

In 1977, a Westchester County police detective "launch[ed] a county-wide sex-based campaign" against Plaintiff in order to ruin Plaintiff's reputation. (*Id.* at 6.) The detective "groomed fellow students" to sexually assault Plaintiff. (*Id.* at 14.) "For seven years the misconduct became so extreme that enlisted local FBI agents to try and help have [Plaintiff] sexually groomed." (*Id.*) In 1983, Plaintiff "was abducted and held against [her] will at gun point and made to beg for [her] life" in order to "teach [her] a lesson." (*Id.*) Plaintiff asserts that this misconduct "was out of curiosity of [Plaintiff's] intersex nature that spread amongst [the] local law enforcement community." (*Id.* at 5.)

Plaintiff made inquiries for help but was instead "sent for treatment for ego-dystonic Oedipus complex." (*Id.* at 16.) In 1994, then-Westchester County District Attorney Jeanine Pirro "concocted a scheme working to create par[]allel construct to put [Plaintiff] on a sex offender list to suffer [Plaintiff's] life long destruction." (*Id.*)

2

In 1997, "Dr. Schrang secretly agreed to truncate [Plaintiff's] vaginal vault during a r[o]utine corrective surgery" that was performed at Thada Clark Medical Center in Neenah, Wisconsin. (*Id.* at 17.) Moreover, as Plaintiff "was suffering the maximum post-coidal stress and extreme observed sychophontic abuse tr[a]uma[,] [she] was subjected to a coordinated assault of fear [illegible] an attempt to pharaplicitly confuse [Plaintiff]." (*Id.*)

Plaintiff asserts that the alleged misconduct of former District Attorney Pirro, Westchester County Police, and the FBI was "liken to civil forfeiture," and that the "obvious intention" of this campaign was to "inflict punishment" on Plaintiff and "prevent [Plaintiff's] escape into any sort of normal heterosexual relationship." (*Id.*)

Plaintiff's alleged injuries include, among others:

1. "Through 1994 Present a par[a]llel construct was designed to maliciously populate an aggressive repressed ego-syntonic defamation; that actions were intended to inflame the community [and] incite violent corrective punishment." (*Id.* at 18.)

2. "1999-2002 psychosexual-sychophantic-paraphilic induced injury was mitigated by previous ingrained psychosexual libido absent of morbid repression." (*Id.* at 19.)

3. "2010-Present I have been injured by determined medical and psychiatric fraud by malicious dissemination of an incomp[e]tent diagnosis design[ed] to psychiatrically defame." (*Id.*)

Plaintiff sues Westchester County Municipality, a "known unnamed" detective of Westchester County, the Village of Ardsley, two "known unnamed" agents of the "Federal Bureau of Narcotics," New York Presbyterian Hospital, Dr. Robert Spitzer, former Westchester

3

County District Attorney Jeanine Pirro, Thada Clark Medical Center, Dr. Eugene Schrang, the Federal Bureau of Investigation, Patricia Jones, four "known unnamed" agents of the Federal Bureau of Investigation, and Dr. Jack Drescher. Plaintiff seeks money damages and injunctive relief.

Plaintiff also filed a motion for preliminary injunctive relief, including an order directing the New York City Department of Human Resources to have Plaintiff "transported to Midtown Manhattan and arrange a hotel accom[mo]dation paid by DHA no later than 7 days from" December 23, 2019, as well as monetary relief and an order "that any administrative or public safety inclusion of [Plaintiff] pertaining to or subject of sex offender or sexual risk be immediately suspended." (ECF No. 5, at 1-2.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[1]

The Court dismisses Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court denies Plaintiff's motion for preliminary injunctive relief (ECF No. 5) and the application for the Court to request pro bono counsel (ECF No. 4) as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  January 10, 2020
        New York, New York

*[signature]*

COLLEEN McMAHON
Chief United States District Judge

---

[1] Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)